ARMSTRONG, Judge,
concurring in part and dissenting in part.
I disagree with the majority’s decision regarding the trial court’s interpretation of the contract insofar as the Pointe a la Hache-Humble Oil leases are concerned.
Plaintiff claims that the trial court incorrectly applied the doctrine of ejusdem gen-eris, which requires that general terms following specific terms be construed as being of a character with the specific terms. See Borde v. New Orleans & G.N.R. Co., 140 So. 810 (La.App. 1st Cir.1932) and River Rouge Minerals Inc. v. Energy Resources of Minnesota, 331 So.2d 878 (La.App. 2nd Cir.1976). I do not agree with plaintiff’s argument. One of the primary issues in this case is whether Mr. Molero was entitled to overriding royalties on the assignments of leases Richardson obtained through the Humble Oil pooling agreement. The agreement is ambiguous regarding whether Molero was to obtain such overriding royalties. Therefore, the trial court correctly resorted to the rule of ejus-dem generis in order to interpret the contract. I find no error in the trial court’s determination that under the rule of ejus-dem generis the phrase “or other owners” should be interpreted as being of the same character as the State of Louisiana, i.e. landowner or lessor, rather than other lease holders.
Plaintiff also claims that use of the term “lease or contract royalty” in the second paragraph of the contract is an indication that Richardson intended the contract to extend to overriding royalties to Molero on leases obtained by assignment from lease holders. Plaintiff argues that if Richardson had truly intended to limit Molero’s royalty rights under the contract to those instances in which Richardson obtained the leases directly from the landowner or lessor, Richardson would not have used the phrase “contract royalty” because “contract royalty” implies that assignments of leases, such as those between Humble and Richardson, were covered by the agreement. The executrix answers in her brief that “an argument could perhaps be made that it was a redundant expression both times referring to lease royalty.” In this instance “or” is used in its synonymous character so that the phrase “contract royalty” is in fact a repetitive term for “lease royalty.”
Additionally, plaintiff makes two arguments based on the premise that the contract is ambiguous. First plaintiff argues that since the contract is ambiguous it should be interpreted as executed. Second, plaintiff claims that the trial court erred in not allowing into evidence an affidavit by Ed Hill, Richardson’s Louisiana agent, which indicates that Richardson authored the contract. Plaintiff avers that if Richardson drew up an ambiguous contract, as obligor under the contract any ambiguities in it should be construed against Richardson and in favor of Molero. LSA-C.C. Art. 1957 (revised, now LSA-C.C. Art. 2057). However, neither one of these arguments is viable since a commonsense reading of the contract and the application of the rule of ejusdem generis resolve any ambiguities in the contract in favor of the defendant.
In addition, this interpretation of the contract is also consistent with the facts as they appear in the record. It is undisputed that Richardson granted Molero the overriding royalties as compensation for Mole-ro’s assistance in acquiring oil, gas and mineral leases throughout St. Bernard and Plaquemines Parishes. Clearly Molero would have been helpful to Richardson in acquiring such leases from local land *937 owners, or in assisting Richardson in obtaining State owned mineral leases. While Mr. Molero’s influence may have been considerable under these circumstances, and therefore of value to Richardson, it would not appear that Mr. Molero’s assistance would be of any value in negotiations between a large oil company, such as Humble, and Richardson, who was already a substantial force in the oil industry at the time he entered into the contract with Molero.
In sum, I agree with the trial court’s interpretation of the 1945 contract. In my opinion, plaintiff is entitled only to the royalties from those leases actually acquired from landowners or lessors and is not entitled to royalties from the Humble leases.
We concur with the majority’s opinion in all other respects.